```
                              FILED
                     CLERK, U.S. DISTRICT COURT

                        7/29/2022

                  CENTRAL DISTRICT OF CALIFORNIA
                  BY:        JB        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

TIMOTHY JAYMES WOOD,

       Defendant.

CR  2:22-cr-00348-MCS

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1),
(b)(1)(B)(viii): Distribution of
Methamphetamine; 21 U.S.C. § 853,
28 U.S.C. § 2461(c): Criminal
Forfeiture]

The Grand Jury charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about June 21, 2022, in Los Angeles County, within the
Central District of California, defendant TIMOTHY JAMES WOOD
knowingly and intentionally distributed at least five grams, that is,
approximately 12.5 grams, of methamphetamine, a Schedule II
controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.    Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which defendant obtained, directly or indirectly, from such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

2

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

_____
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

ELIA HERRERA
Assistant United States Attorney
General Crimes Section

3